IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KHADISJA HOLDEN o/b/o** )<br>**K.H.,** )<br> )<br>    Plaintiff, )<br> )<br>  vs. )<br> )<br>**MICHAEL J. ASTRUE,** )<br>**COMMISSIONER OF SOCIAL** )<br>**SECURITY** )<br>**ADMINISTRATION,** )<br> )<br>    Defendant. | Civil Action Number<br>**2:11-cv-3482-AKK** |

## MEMORANDUM OPINION

Plaintiff Khadisja Holden ("Plaintiff") brings this action on behalf of her daughter, K.H. ("Claimant"), pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA").  This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is not supported by substantial evidence and, for the reasons elaborated herein, **REMANDS** the decision denying benefits to the Commissioner.

# I. Procedural History

Plaintiff protectively filed an application, on behalf of her minor child K.H., for child's Supplemental Security Income ("SSI") on November 29, 2007, alleging a disability onset date of August 6, 2007, K.H.'s birth date, due to asthma and acid reflux. (R. 100). After the SSA denied her application on January 30, 2008, (R. 46), Plaintiff requested a hearing before an ALJ on February 25, 2008, (R. 52), and received one on June 10, 2009. (R. 20). The ALJ continued the hearing until February 19, 2010 to allow Plaintiff to submit additional medical evidence. (R. 31).

The ALJ denied Plaintiff's claims on March 3, 2010, (R. 16), which became the final decision of the Commissioner when the Appeals Council refused to grant review on July 25, 2011. (R. 1). Plaintiff then filed this action pursuant to section 1631 of the Act, 42 U.S.C. § 1383(c)(3). Doc. 1.

# II. Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g)

and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III. Statutory and Regulatory Framework

A claimant under the age of eighteen is considered disabled if the claimant has a medically determinable physical or mental impairment which results in

marked and severe functional limitations, and which is expected to result in death, or which has lasted or is expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(I). The regulations define the statutory standard of "marked and severe functional limitations" in terms of "listing-level severity." 20 C.F.R. §§ 416.902, 416.906, 416.924(a), 416.926a(a); *see* 20 C.F.R. pt. 404, subpt. P, app. 1 (the listings). The Commissioner has developed a specific sequential evaluation process for determining whether a child claimant is disabled. 20 C.F.R. § 416.924. The three-step process requires a child to show: (1) that he is not working; (2) that he has a "severe" impairment or combination of impairments; and (3) that his impairment or combination of impairments is of listing-level severity, that is, the impairments meet, medically equal, or functionally equal the severity of an impairment in the listings. 20 C.F.R. § 416.924.

If a child claimant is not working and has a severe impairment, the ALJ must determine if the child's impairments meet or medically equal an impairment listed in the listings. 20 C.F.R. § 416.924(a)-(d). An impairment medically equals a listing "if it is at least equal in severity and duration to the criteria of any listed impairment." If the claimant's impairments do not meet or medically equal a listed impairment, the ALJ must then determine if the child's impairments are, instead,

functionally equivalent in severity. 20 C.F.R. §§ 416.924(d), 416.926a(a).  For the child's impairments to functionally equal a listed impairment, they must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a).  The ALJ considers the child's functioning in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(I)-(vi).  If the impairments do not satisfy the duration requirements, or do not meet, medically equal, or functionally equal one of the listings in the Regulations, a finding of not disabled is reached and the claim is denied.  *See* 20 C.F.R. § 416.924(d)(2).

## IV.  The ALJ's Decision

In performing the three step analysis, initially, the ALJ determined that the Claimant has not engaged in any substantial gainful activity since the alleged disability onset date.  (R. 14).  Next, the ALJ noted that the Claimant suffers from the severe impairment of "acute bronchitis[] with a[] minimal episode of asthmatic complications" in satisfaction of step two but found that Claimant's otitis media was not sufficiently severe.  *Id*. at 14-15.  Finally, at step three, the ALJ concluded that the Claimant's impairments did not meet or functionally equal the listing

requirements and therefore found that the Claimant was not disabled. *Id.* at 16.

## V.  Analysis

Plaintiff contends that the ALJ committed reversible error by (1) "finding that this child did not have a valid diagnosis of asthma, and in turn, that her asthma was not a severe impairment under step two of the evaluation[,]" (2) "failing to find that the claimant's chronic otitis media (middle ear infection) was not [sic] a severe impairment[,]" (3) "reject[ing] the opinions of the treating and examining physicians in this case[,]" (4) "fail[ing] to properly determine whether claimant's asthma, and/or her combination of impairments, met or medically equaled a Listing[,]" and (5) "fail[ing] to consider fully and fairly develop the evidence in this case." Doc. 9 at 2-3. Based on its review of the record, the court finds that the ALJ's decision is not supported by substantial evidence and is due to be remanded.

**A.  Adequate Development of the Record**

Plaintiff alleges, among other things, that the ALJ failed to adequately develop the record by relying upon the opinion of a non-examining physician, Dr. Richard Whitney, who reviewed the evidence before the medical record was complete. Doc. 9 at 10. Generally, an ALJ has "a basic obligation to develop a full and fair record . . . [to] enable[] the reviewing court to determine whether the

ultimate decision on the merits is rational and supported by substantial evidence." *O'Bier v. Commissioner of Social Sec. Admin.*, 338 Fed. Appx. 796, 798 (11th Cir. 2009) (internal citations and quotation marks omitted).  An ALJ's decision is properly remanded where the ALJ fails to "provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted." *Keeton v. Dep't of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

   Based on this court's review of the record, the ALJ committed reversible error when he relied on a medical opinion that was not based on the entire medical record.  Dr. Richard Whitney performed a childhood disability evaluation on the Claimant on January 30, 2008 and determined that while the Claimant suffered from asthma and reflux, these impairments did not meet, medically equal or functionally equal the listings.  (R. 190).  To support this conclusion, Dr. Whitney stated that there is "no real explanation[]" for Claimant's impairments except for five doctors visits that showed "coughing and some wheezing but no respiratory distress."  *Id*.  Although Dr. Whitney relied on all the evidence available to him at the time, the ALJ's reliance on Dr. Whitney is error nonetheless because the ALJ allowed Plaintiff to submit additional medical evidence until February 19, 2010.  *Id*. at 31.  By doing so, the ALJ should have ensured that Dr. Whitney reviewed

the additional medical evidence Plaintiff submitted: "Findings of fact made by a State agency medical . . . consultant[] . . . regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources[,]" however, "[a]n updated medical expert opinion *must* be obtained by the administrative law judge . . . before a decision of disability based on medical equivalence can be made." SSR 96-6P (emphasis added).

The failure by Dr. Whitney to review updated medical evidence is significant because in the two years following his evaluation, the Claimant was seen in emergency departments or after hours clinics numerous times, not only for asthma symptoms but also for symptoms associated with Claimant's other alleged impairments. The Social Security Rulings make clear that, in such an instance, the ALJ is obligated to obtain an updated medical opinion from a source such as Dr. Whitney prior to making an ultimate disability determination. However, the ALJ determined that Claimant's impairments did not meet, medically equal, or functionally equal a listing without obtaining an updated report from the medical source he gave the greatest weight to in reaching his decision. Therefore, remand is warranted here for the ALJ to properly develop the record by obtaining an updated medical opinion.

**B. Disability Analysis Step Two - *Severe* Impairment**

Plaintiff contends next that the ALJ erred in finding that Claimant's asthma and chronic otitis media were not severe impairments, and further that the ALJ failed to properly review the medical evidence in making this determination. Doc. 9 at 2. In his opinion, the ALJ found that "an asthma diagnosis has not been established by treating physicians or consultative examiners with any degree of certainty" and, based on Claimant's pediatric records, "that the [claimant] has dad [sic] chronic bronchitis, but no longer." (R.14). Additionally, the ALJ noted the Claimant's diagnoses of acid reflux and otitis media, but found neither impairment severe. *Id*.

Based on a review of the medical evidence, the court finds that the ALJ's determination that Claimant does not suffer from asthma is not supported by substantial evidence. The ALJ notes that "[o]n September 19, 2007, the claimant's pediatric records reveal she was diagnosed with bronchitis and was prescribed medication . . . [and] [i]n November 2007, . . . was again diagnosed with bronchitis" and her medical chart indicated exposure to second hand smoke at home. (R. 14). However, the entire medical record indicates only a single

assessment of bronchitis and two assessments of bronchiolitis[1], each in conjunction with asthma or an asthma exacerbation. *Id.* at 209, 211, 266. In contrast, the medical record is replete with diagnoses of asthma. For example, Children's Hospital indicated that Claimant suffers from asthma or an asthma exacerbation no less than eight times, *see id.* at 158, 219, 233, 245, 261, 302, 337, and Claimant's treating physicians at Midtown Pediatrics noted asthma on her chart or physical exam findings report no less than eighteen times, *see id.* at 213, 211, 210, 209, 183, 181, 173, 171, 168, 318, 316, 315, 310, 309, 307, 304, 303, 340, 341. Finally, the treatment records from both Midtown Pediatrics and Children's Hospital consistently note that Claimant is on prescription medications for asthma treatment, including flovent and albuterol. *See id.*

In addition to the ALJ's findings being contrary to the weight of the evidence, the ALJ erred by failing to indicate why he did not give significant weight to the opinions of Claimant's treating and examining physicians. Instead, the ALJ stated only that

> pursuant to 20 C.F.R. § 416.927(d)(1), I great [sic] weight to the opinion

---

[1] Bronchiolitis is defined as "inflammation of the bronchioles, usually occurring in children less than 2 years old and resulting from a viral infection, particularly with respiratory syncytial virus." DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 255 (Philadelphia: Saunders, 31st ed. 2007). Bronchitis, on the other hand, is defined as "inflammation of a bronchus or bronchi; there are both acute and chronic varieties. Symptoms usually include, fever, coughing, and expectoration. Chronic forms may involve secondary changes to lunch tissue." *Id.* at 256.

>of Dr. Brookings, whose findings during the claimant's most recent examination were again unremarkable. In doing so, I find that her report is consistent with the weight of the evidence in this case, including records and reports obtained from the claimant's treating doctors. In addition, Dr. Brookings is a Pediatrician, and I give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who Is not a specialist[.]

(R. 15). Under the same rationale, Claimant's treating and examining physicians at Children's Hospital and Midtown Pediatrics are likewise considered specialists in the field of pediatrics. Additionally, unlike Dr. Brookings, the extent of their treatment relationship with the Claimant suggests that the ALJ should have afforded more weight to their opinions than those of another specialist who only saw the Claimant once. *See* 20 C.F.R. § 404.1527. Moreover, even Dr. Brookings' own findings undermine the ALJ's conclusions because Dr. Brookings diagnosed the Claimant with "extrinsic asthma" in her report.[2] (R. 324). The court, therefore, finds that the ALJ's rejection of Claimant's asthma diagnosis is not supported by substantial evidence, and that remand is warranted for the ALJ to properly consider the medical evidence and to determine whether the Claimant is disabled due to asthma under Listing 103.03.[3]

---

[2] Extrinsic asthma is defined as "asthma caused by some factor in the environment, usually atopic asthma. Onset is usually in childhood and almost always before age 30." DORLAND'S ILLUSTRATED MEDICAL DICTIONARY, *supra* note 3, at 170.

[3] The Commissioner's brief states that "the ALJ was not required to mechanically recite the evidence leading to his determination and it may be implied from his decision that Claimant

## VI.  CONCLUSION

Based on the foregoing, the court concludes that the ALJ's determination that the Claimant is not disabled is not supported by substantial evidence or based upon a fully developed record, and, therefore, the Commissioner's final decision is **REMANDED**.

**DONE** the 22nd day of October, 2012.

_____
 **ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

did not meet or equal Listing 103.03B." Doc. 11 at 19.  This statement is only partially true.  The Eleventh Circuit has held that "the ALJ's finding as to whether a claimant meets a listing may be implied from the *record*." *Davenport*, 403 Fed. Appx. at 354 (emphasis added).  The inference exists when there is substantial evidence to support the ALJ's final conclusion and the ALJ's "statement of the relevant law recognized that an affirmative determination regarding the applicability of any Appendix I listing. . . would require a determination that the appellant was disabled." *Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986).  In this instance, however, the ALJ's "statement of the relevant law" fails to make this recognition.